1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

6
7
8

ALEXANDER MOISES LUCENA-
OJEDA,

9                               Petitioner,

10          v.

11    KRISTI NOEM, et al.,

12                               Respondent.

13

CASE NO. 2:26-cv-00085-BAT

**ORDER GRANTING HABEAS
PETITION AND DIRECTING
RELEASE**

14        Immigration detainee Alexander Moises Lucena-Ojeda petitions the Court under 28

15   U.S.C. § 2241 for an order (1) immediately releasing him from detention or, alternatively,

16   finding bond jurisdiction under 8 U.S.C. § 1226(a); (2) declaring petitioner's redetention without

17   an individualized determination violates the Due Process clause of the Fifth Amendment; (3)

18   declaring that petitioner's redetention was made in violation of statute and regulation; and (4)

19   awarding attorney fees and costs. Dkt. 1 (petition).

20        The Court **GRANTS** the petition as follows.

21        1.        Respondents first argue relief should be denied because Petitioner is mandatorily

22   detained under 8 U.S.C. § 1225. Dkt. 5. Persons detained under § 1225 may only be released

23   under the agency's parole authority. 8 U.S.C. § 1182(d)(5)(A). Petitioner was released on an

"Order of Recognizance (OREC)" which states " "[i]n accordance with section 236 of the Immigration and Nationality Act [8 U.S.C. § 1226] …., you are being released on your own recognizance provided you comply with the following conditions[.]" *See* Dkt. 6 (Declaration of Deportation Officer); Dkt. 7 (Exhibit 3). Release or "conditional parole" under an OREC is authorized under § 1226(a)(2)(B). *See* 8 U.S.C. § 1226(a)(2)(B); *see also Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115-16 (9th Cir. 2007) (holding noncitizens released on an OREC must necessarily have been detained and released under § 1226); *Del Valle Castillo v. Wamsley*, No. 2:25-CV-02054-TMC, 2025 WL 3524932, at *5 (W.D. Wash. Nov. 26, 2025) (quoting *Romero v. Hyde*, No. CV 25-11631-BEM, 2025 WL 2403827, at *8 (W.D. Wash. Aug. 19, 2025) (in determining petitioners, who had been apprehended on arrival, released, and were later apprehended again, were subject to discretionary detention under § 1226(a) not mandatory detention under § 1225(b)(2), the Court considered the Government's treatment of the petitioner seeking habeas relief was "particularly relevant" and found where a petitioner has been "'treated by Respondents as subject to detention under § 1226, rather than mandatory detention under § 1225,' the former is more likely to apply.").

The Court thus finds § 1226 governs Petitioner's detention, and he is not subject to mandatory detention under § 1225.

2.      Respondents next argue Petitioner was redetained because "his OREC was revoked in the exercise of ICE's discretion and he was taken back into ICE custody." Dkt. 6. Applying *E.A. T.B v. Wamsley*, 795 F.Supp.3d 1316 (W.D. Wash. Aug. 18, 2025) the Court finds Petitioner possesses due process protections and reviews Respondents' decisions and actions to deprive Petitioner of his liberty interests under the factors set forth in *Mathews*: The private interest affected by the official action; the risk of erroneous deprivation of such interest through

ORDER GRANTING HABEAS PETITION
AND DIRECTING RELEASE - 2

the procedures used, and the probable value of additional or substitute procedural safeguards; and the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. *See Mathews v. Eldridge,* 424 U.S. 319, 335 (1976).

3.      Regarding the first factor, the Court rejects the notion that petitioner's weighty liberty interest is greatly diminished solely because he is a noncitizen in immigration proceedings. *See Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) (Freedom from restraint is at the core of the liberty protected by the Due Process Clause from arbitrary governmental action) *see also Zadvydas v. Davis,* 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all "persons" within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent."). The first factor weighs in Petitioner's favor.

4.      Respondents next argue that ICE has discretion to redetain Petitioner at any time. Dkt. 5. This argument fails. Respondents do not argue that Petitioner failed to comply with the conditions of the OREC. Furthermore, Petitioner's sole criminal law violation – for criminal trespass -- occurred prior to receiving the OREC from Department of Homeland Security ("DHS").

Specifically, Petitioner was encountered upon his entry by Texas state troopers on or about July 26, 2023, and arrested for criminal trespass. Dkt. 1 (Exhibit B). On August 31, 2023, Petitioner was transferred into the custody of the DHS and issued a Notice to Appear ("NTA"). *Id.* (Exhibit A). Petitioner was released under an OREC on August 31, 2023. *Id.* (Exhibit D).

On October 10, 2023, Petitioner entered a plea of nolo contendere to Criminal Trespass under Texas Penal Code 30.05(d)(1), a Class B misdemeanor. *Id.* (Exhibit B). Petitioner was sentenced to 34 days' credit for time served and was not required to pay any fees or court costs.

1    *Id.* On April 22, 2024, Petitioner again appeared for his DHS check-in, without incident, after

2    which he was provided a notification of his next reporting date, which stated that "[s]ystem

3    check show no new/derogatory information. No wants, no warrants." *Id.* (Exhibit E).

4         Thus, Petitioner's sole criminal law violation occurred prior to receiving his OREC from

5    DHS. Apart from Petitioner's criminal trespass charge – which DHS was aware of when it issued

6    his OREC -- he had no further arrests or criminal law violations after being released on the

7    OREC and had complied with the requirements imposed by DHS. On October 31, 2024,

8    Petitioner attended a biometrics appointment with USCIS based on a previously filed I-589

9    Asylum Application. Dkt. 1 (Exibit F). Petitioner was fingerprinted, and his background was

10   checked; and no arrest occurred at this appointment. *Id.*

11        It was not until December 18, 2025, when Petitioner appeared for his check-in, that he

12   was informed that he would be detained due to his Texas criminal trespass violation.

13        Thus, DHS was aware of Petitioner's criminal trespassing charge when it decided to

14   release Petitioner on the OREC. Respondents present no evidence of any material changes to the

15   facts or circumstances that would indicate a change to the evaluation of Petitioner's flight risk or

16   dangerousness since the issuance of the OREC. Thus, the Court finds the second *Mathews* factor

17   weighs in favor of Petitioner.

18        And lastly the Court finds Respondents' interest in civil detention without a hearing is

19   low. *See E.A. T.B*, 795 F.Supp.3d at 1323-24 (citing *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970

20   (N.D. Cal. 2019) ("If the government wishes to re-arrest Ortega at any point, it has the power to

21   take steps toward doing so; but its interest in doing so without a hearing is low.")).

22        The Court accordingly finds Petitioner has a protected liberty interest in his continuing

23   release from custody and all of the *Mathews* factors weigh in his favor. The Court also finds

while Petitioner may request a bond hearing, a post-deprivation bond hearing is an inadequate procedural safeguard because it would occur only after detention and thus fails to address an erroneous deprivation of liberty. *E.A. T.B*, 795 F.Supp.3d at 1323-24 (citing *Domingo v. Kaiser*, No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner-Plaintiff received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion: that is, his potentially erroneous detention.")). The Court accordingly finds Petitioner should be immediately released. *See E.A. T.B*, 795 F.Supp.3d at 1324.

5.      The Court notes that the specific circumstances of Petitioner's redetention drive what process is due. Thus, the Court finds if Petitioner is redetained Respondents shall provide Petitioner predetention notice and a hearing **unless** detention is statutorily mandatory (which it is not currently). *See Chicoze-Ezechi v. Noem*, 26-cv-00145-BAT (W.D. Wash. Feb. 2, 2026).

7.      The Court finds Respondents shall bear the burden to prove by clear and convincing evidence that Petitioner is a flight risk or a danger to the community at any subsequent redetention hearing. *See Pinchi v. Noem,* 792 F.Supp.3d 1012, 1038 (N.D. Cal. July 24, 2025) (Holding Petitioner may not be detained unless the government demonstrates at a bond hearing, by clear and convincing evidence, she is a flight risk or a danger to the community and that no conditions other than her detention would be sufficient to prevent such harms.).

9.      Accordingly, the Court **ORDERS**:

a.      Respondents shall immediately release Petitioner from immigration detention within 1 (one) working day from the date of this order. Respondents shall file a certification within 2 (two) working days that Petitioner has been released.

c.      Respondents shall provide Petitioner with written predetention notice and afford

him a hearing **unless** detention is statutorily mandatory.

d.     At any redetention hearing, Respondents shall bear the burden to show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community.

e.     The Court will entertain a motion for attorney fees and costs. Any motion for fees and costs shall be filed by March 3, 2026, and shall be noted under Local Rule 7(d)(3).[1]


DATED this 3rd day of February, 2026.


_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

---

[1] Because the Court has granted Petitioner's request for release based on the violation of Due Process, the Court does not reach Petitioner's other arguments.

ORDER GRANTING HABEAS PETITION
AND DIRECTING RELEASE - 6